UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNA L.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C25-1652-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff was born in October 1969, has at least a high school education, and has worked as a software program manager.  AR 36, 194, 215.  Plaintiff was last gainfully employed in February 2019.  AR 200.

On September 16, 2022, Plaintiff applied for benefits, alleging disability as of December 1, 2019.  AR 194.  Plaintiff's applications were denied initially and on reconsideration, and

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

Plaintiff requested a hearing.  AR 17.  After the ALJ conducted a hearing on August 29, 2024, the ALJ issued a decision finding Plaintiff not disabled.  AR 17.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since December 1, 2019.

**Step two**:  Plaintiff has the following severe impairments:  migraines, neurocognitive disorder, chronic fatigue syndrome, and somatic disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform medium work, except she can sit, stand, or walk for six hours in an eight-hour day.  She cannot climb ladders, ropes, or scaffolds.  She can frequently push and pull with her lower extremities.  She must avoid concentrated exposure to hazards such as unprotected heights and dangerous moving machinery.  She can interact occasionally with the general public.

**Step four**:  Plaintiff can perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-27.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating her testimony and the medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.   The ALJ Did Not Err in Evaluating Symptom Testimony

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a Plaintiff's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

The ALJ here found Plaintiff's testimony inconsistent with the limited medical record, which did not support any twelve-month period of disabling impairment and showed her symptoms improved with treatment and indicated activities which showed capabilities beyond what she had testified to.  AR 22-23.

At the hearing, Plaintiff testified that she has suffered from daytime fatigue and sleepiness for many years, but it has become progressively worse.  AR 36-37.  After her last job ended due to a reduction in force, she tried to work on her own but was unable to find work that would accommodate her need to nap during the day.  AR 38.  She saw a naturopath who recommended a variety of natural remedies, but none were effective.  AR 38-39.  She switched medications in 2022, which caused withdrawal from her previous medication.  AR 41.  The new medication reduces her fatigue symptoms but does not eliminate them.  AR 45.  She now takes naps one to three times a day for about forty-five minutes, on average.  AR 51.  Her naps are not refreshing and she usually does not feel better after napping.  AR 54.

Approximately six years before the hearing, she began having migraines three or four times a month.  AR 42.  The migraines are debilitating and have lasted as long as a week.  AR 232.  About a year before the hearing, she found a medication that helped with the migraines.  AR 42-43.  Her migraines now only last about three hours, though they still occur three to four times a month.  AR 42-44.

She lives on a farm with horses and other farm animals with her wife.  AR 44, 48, 53.  She can do household chores on her own most of the time unless she is too tired or sleeping.  AR 44-45.  She has two horses, one bird, and four cats.  AR 49.  She can take care of her pet chores and rides her horses one to three times a week, but only for thirty minutes at a time.  AR 48-49.  After she stopped working, she volunteered as treasurer for a local horse group but stopped after

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

a year because she did not feel it was good use of her "good hours, because [she does not] get a lot of them[.]" AR 54-55. She feels tired every day, but typically her fatigue is worse the day after she exerts herself or has a particularly bad night's sleep. AR 45. She has a "terrible" night's sleep about ten percent of the time, and sleep is disturbed about half the time. AR 46. On the days after, she needs extra naps. AR 47-48. She can drive, but only for about twenty minutes from about ten a.m. to noon. AR 48. She plans her errands around when she can drive or relies on her wife to drive her places. AR 53.

Plaintiff argues the ALJ erred in rejecting her testimony as, (1) contrary to the ALJ's decision, the record supports more than twelve months of disabling impairment, (2) she testified to some improvement with medication, so there was no contradiction between her testimony and the improvement shown in the record, and (3) the activities the ALJ cited do not contradict her testimony. Dkt. 9 at 7-11.

The ALJ discounted Plaintiff's testimony of the limiting effects of her sleepiness in part as contradicted by the limited medical record which showed improvement with treatment. AR 23. Evidence that medical treatment relieved symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Though Plaintiff alleges disability as of 2019, the earliest medical records in the record are from 2022. *See* AR 301. After a sleep study in April 2022 showed Plaintiff achieved REM sleep in zero naps and she had only slept six hours and thirty-six minutes the night before, AR 297, Plaintiff switched medication and sought medical care for her benzodiazepine dependence, which had arisen after taking Xanax for sleep for fifteen years, AR 307, 331. By September of 2022 doctor's notes indicated that Plaintiff's condition had improved, she was napping less, sleeping six hour a night, and "very alert upon awakening." AR 307. It was reasonable of the ALJ to conclude this evidence contradicted

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

Plaintiff's testimony that her symptoms had progressively worsened and that she does not feel refreshed after sleeping. *See* AR 36-37, 54. Similarly, the ALJ did not err in considering evidence that new medication improved Plaintiff's migraines, her migraines were stable, she was doing well in general, and her medication resolved a migraine in one dose. AR 417. Nor can the Court say the ALJ erred in finding that this improvement, which occurred in a five-month period, was indicative of less-than-twelve-months of disabling impairment.

Next, an ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff argues that riding a horse three times a week is not inconsistent with her testimony. Dkt. 9 at 10-11. But it was reasonable of the ALJ to determine that Plaintiff was more able than she testified given her ability "to engage in a full range of daily tasks," AR 24, including an ability to care for her horses, dog, cats, and birds, AR 20-21 (citing AR 388), regularly ride her horses, co-chair a weekend horse show in 2022, and attend a horse show in 2023, AR 22-23, 342 ("Riding horses regularly. 2-3 times a week."), 471 ("she has a weekend horse show coming up"), 493 ("[Plaintiff] reaffirmed why she is unable to work after volunteering this weekend to co-chairing a horse show."), 500 ("Patient likes to do horse-riding"). *See, e.g., Delaplain v. Saul*, 793 F. App'x 641, 641 (9th Cir. 2020) ("The ALJ reasonably found that [claimant's] testimony that she became disabled in 2008 was inconsistent with the medical records and her ability to mount and ride a horse.").

Plaintiff has not shown that the ALJ's analysis here was unreasonable.

**B.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

Plaintiff argues the ALJ misevaluated the opinion of Oneil Bains, M.D. Dkt. 9 at 3-7. The regulations applicable to this case require the ALJ to articulate the persuasiveness of each

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(a)-(c). Substantial evidence must support an ALJ's consistency and supportability findings. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Bains is Plaintiff's sleep medicine specialist. AR 446. He interpreted a sleep latency test for Plaintiff in April 2022, AR 394-95, and continues to see her at regular intervals and manage her medication for her sleep disorder. *See, e.g.,* AR 307, 407. He opined that her severe daytime sleepiness would make her (1) late to work, (2) unable to make it to scheduled shifts more than once a week, (3) have problems staying on task more than once a day, and (4) that these lapses in concentration would last more than twenty percent of the day. AR 391-92. The ALJ considered Dr. Bains's opinion and discounted it as unsupported and inconsistent with the medical record and Plaintiff's activities. AR 25.

The ALJ found that Dr. Bains's opinion was unsupported as he did not present significant explanation for his opinion, aside from attaching a sleep study from before Plaintiff changed medication, and found that his opinions were conclusory. AR 25. Dr. Bains largely presented his opinion in answers to yes or no questions and in a checkbox form. AR 391-92. He opined to the most limited restriction in responding to all the questions. *Id.*; *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740-41 (9th Cir. 2023) (citing *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)) ("[W]e have accepted the discounting of a medical opinion set forth in a checkbox form with little to no explanation."). Even when considering his treating notes, it was reasonable of the ALJ to find the opinion unsupported. The attached sleep study shows five minute and thirty-seven second sleep latency, six hours and thirty-six minutes of sleep the previous night, and REM sleep in zero of five naps. AR 395. Dr. Bains does not provide any interpretation or

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

explanation of how this study supports his opinion.  *See* AR 391-92.  Nor do the notes after Plaintiff completed the sleep study provide helpful interpretation, noting only "the patient underwent an in lab sleep study [with] mslt."  AR 312.  Two months later, his notes indicate "improved with xywav, very alert upon awakening."  AR 309.  It was reasonable of the ALJ to conclude that this evidence did not support the extreme limitations Dr. Bains opined to.

It was further reasonable of the ALJ to find Plaintiff's activities contradicted the extreme limitations Dr. Bain opined to, for the same reasons as explained above.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 20th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8